UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVERGREEN TENNIS LLC,

Plaintiff,

v.

UNITED STATES TENNIS ASSOCIATION/PACIFIC NORTHWEST SECTION,

Defendant.

CASE NO. 3:26-cv-05564-BAT

**ORDER DENYING MOTIONS FOR STIPULATED EXTENSION, DKT. 26, AND CLARIFICATION OR RECONSIDERATION, DKT. 27**

This matter is before the Court on the parties' stipulated motion to extend the time to file a second amended complaint (Dkt. 26) and Plaintiff's motion to clarify or reconsider the dismissal with prejudice of certain of its claims (Dkt. 27). The Court **DENIES** both motions.

Plaintiff filed its complaint on May 8, 2026 in state court. *See* Dkt. 1. After removal, Plaintiff amended its complaint on June 18, 2026. Dkt. 14. Defendant moved to dismiss the complaint on July 9, 2026. Dkt. 17. The Court granted Defendant's motion to dismiss on October 29, 2026. Dkt. 25. The order granted leave to amend the complaint as to certain claims by November 25, 2026, and dismissed other claims with prejudice.

The parties' stipulated motion requests the Court extend Plaintiff's deadline to file its

amended complaint until 14 days after the Court resolves a motion for clarification or reconsideration of the Court's October 29, 2026 order, and proposes a briefing schedule for that motion. Dkt. 26. A court may extend a deadline for "good cause," which "turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence." *McCart-Pollak v. Saevitzon*, No. 2:20-CV-01624-GMN-NJK, 2025 WL 2855122, at *1 (D. Nev. Oct. 7, 2025) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (interpreting Rule 16's good cause standard)). Because the reconsideration motion can be resolved now, the Court finds briefing unnecessary. *See* W.D. Wash. LCR 7(h)(3) ("No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request."). Thus, good cause has not been shown for an extension to the time to amend the complaint.

The Court's October 29, 2026 order dismissed with prejudice "[a]ll claims related to the Vancouver contract" and "[t]he CPA claim regarding Defendant's continued operation and management of the Vancouver Tennis Center." Dkt. 25 at 18. Plaintiff requests clarification of "whether the Court's dismissal with prejudice precludes Evergreen from alleging actionable claims arising from separate conduct occurring after May 5, 2022."[1] Dkt. 27 at 2. The Court finds clarification unnecessary. As the order states, any CPA claim "regarding Defendant's continued operation and management of the Vancouver Tennis Center" is dismissed with prejudice. To the extent Plaintiff believes certain specific allegations fall outside the bounds of the claims the order dismissed with prejudice, it may test the sufficiency of those allegations by

[1] Plaintiff's motion states its complaint was filed on May 5, 2026, but the complaint attached to the notice of removal reflects a filing date of May 8, 2026. *See* Dkt. 1-3 at 2.

making them.

In the alternative, Plaintiff requests the Court reconsider its dismissal with prejudice of the claim concerning Defendant's operation and management of the Vancouver Tennis Center. "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. LCR 7(h)(1).

The Court finds no manifest error in its prior ruling, which explains the basis for dismissal of this claim with prejudice. *See* Dkt. 25 at 13–14. Plaintiff identifies no "new facts or legal authority," instead arguing leave to amend should be freely given under *Foman v. Davis*, 371 U.S. 178 (1962), and amendment would not be futile under Washington law. *See* Dkt. 27 at 3–7. Plaintiff could have raised this argument by requesting leave to amend in the alternative in response to the motion to dismiss. Indeed, Plaintiff could have amended its complaint in response to the motion to dismiss. It did neither. The argument will not be successful in the disfavored posture of a motion for reconsideration. This is particularly so where the order does grant leave to amend as to certain claims, Plaintiff already amended its complaint once before, and none of the claims in the amended complaint survived dismissal. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration may not be used to raise arguments that "could reasonably have been raised earlier in the litigation"); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly, the Court **ORDERS**:

1. The Stipulated Motion to Extend Deadline for Plaintiff, Dkt. 26, is **DENIED**.

2. Plaintiff's Motion for Clarification or, in the Alternative, Reconsideration, is **DENIED**.

DATED this 16th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge